UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY MANUEL GARCIA MACHADO, | No. 2:26-cv-01240-DAD-CSK |
| Petitioner, | |
| v. | ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS*, DENYING MOTIONS FOR EXPEDITED RULING AND FOR TEMPORARY RESTRAINING ORDER AS MOOT |
| WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al., | |
| Respondents. | |
| | (Doc. Nos. 1, 13, 14) |

This matter is before the court on petitioner's petition for writ of *habeas corpus* (Doc. No. 1), petitioner's request for status and motion for an expedited ruling (Doc. No. 13), and petitioner's renewed motion for temporary restraining order.  (Doc. No. 14).

On April 1, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE") (Doc. No. 1) and a motion for temporary restraining order (Doc. No. 2).

On April 3, 2026, respondents filed a combined response to the petition and opposition to petitioner's motion for temporary restraining order.  (Doc. No. 6.)  On April 8, 2026, the court

/////

1

denied petitioner's motion for temporary restraining order without prejudice to its renewal and referred the petition to the assigned magistrate judge.  (Doc. No. 7.)

Over the next few months, petitioner filed a traverse (Doc. No. 9), a reply to his traverse (Doc. No. 10), a brief in support of his petition (Doc. No. 11), a notice of dismissal of state criminal proceedings (Doc. No. 12), and the pending motion for an expedited ruling (Doc. No. 13) and renewed motion for temporary restraining order (Doc. No. 14).

On June 29, 2026, the court set a briefing schedule on petitioner's renewed motion for temporary restraining order and directed that if respondents opposed the court ruling on the underlying petition based on the current briefing before it, respondents were to so indicate in their opposition and provide substantive reasons in support of that position.  (Doc. No. 15.)  On July 1, 2026, respondents filed their opposition to petitioner's renewed motion for temporary restraining order.  (Doc. No. 16.)  Respondents state that they do not oppose the court ruling on the *habeas* petition without further briefing.  (*Id.* at 1.)

Based on the briefing before the court, the court finds the following facts.  Petitioner entered the United States on March 26, 2022.  (Doc. No. 1 at 11.)  Petitioner was issued a notice to appear for removal proceedings on October 31, 2025.  (Doc. No. 6 at 7–8.)  Petitioner was apparently not detained by immigration officials when he was issued the notice to appear for removal proceedings because he was arrested in Florida in connection with a suspected theft on February 23, 2026 and charged with grand theft on or about March 12, 2026.  (Doc. Nos. 1 at 11; 6 at 18–19; 16 at 5–8.)  However, the criminal charge brought against petitioner was dismissed, *nolle prosequi*, on April 7, 2026.  (Doc. No. 12 at 5.)

Respondents argue that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) because he entered the United States without inspection.  (*Id.*)  The court adopts its reasoning set forth in *Quichimbo-Jimenez*, 2026 WL 679378, at *1–2 (E.D. Cal. Mar. 10, 2026) and concludes that petitioner cannot be detained pursuant to 8 U.S.C. § 1225(b). Respondents fail to identify any other statutory framework which would justify petitioner's

/////

/////

2

continued detention.[1]  Accordingly, the court also incorporates its reasoning set forth in *J.P.C. v. Chestnut, et al.*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026) and finds that the appropriate remedy here is petitioner's immediate release from custody because respondents have failed to provide authority for petitioner's detention.

For the reasons above,

1.    Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

    a.    Respondents are ORDERED to immediately release petitioner Andy Manuel Garcia Machado, A-File No. 240-282-224, from respondents' custody;

    b.    Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden to demonstrate that petitioner poses a flight risk or a danger to the community by clear and convincing evidence;

2.    Petitioner's motions for an expedited ruling (Doc. No. 13) and for a temporary restraining order (Doc. No. 14) are DENIED as having been rendered moot by this order granting him *habeas* relief;

/////

---

[1]  In their original response to the petition, respondents argued that petitioner was subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(E) because he was arrested for a theft related charged on February 23, 2026 and the charge remained pending at that time.  (Doc. No. 6 at 2.)  Respondents acknowledged that courts have construed § 1226(c)(1)(E) to apply only where an individual is currently charged with or arrested for a qualifying crime to avoid serious due process concerns.  (Doc. No. 6 at 3.)  *See Singh v. Chestnut*, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026) (finding that the petitioner maintained a liberty interest which entitled him to due process protections despite potentially being subject to §1226(c)(1)(E), and ordering that petitioner be provided a bond hearing where the state declined to file charges).  In their opposition to petitioner's renewed motion for temporary restraining order respondents do not argue that petitioner remains subject to detention pursuant to § 1226(c)(1)(E) and appear to have abandoned that argument in light of the dismissal of the state theft charges.

3.      The Clerk of the Court is directed to serve the California City Detention Center with a copy of this order; and

4.      The Clerk of the Court is also directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **July 2, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4